Cause No. 3:09-CV-100
ECF

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

ODES HO KIM,

*Appellant*,

v.

DOME ENTERTAINMENT CENTER, INC.,

*Appellee.*

Appeal from the United States Bankruptcy Court
For the Northern District of Texas, Dallas Division
Case No. 07-36293-HDH

**REPLY BRIEF FOR THE APPELLANT,
ODES HO KIM**

                        Gerrit M. Pronske
                        State Bar No. 16351640
                        Rakhee V. Patel
                        State Bar No. 00797213
                        PRONSKE & PATEL, P.C.
                        1700 Pacific Avenue, Suite 2260
                        Dallas, Texas 75201

                        Telephone:  (214) 658-6500
                        Facsimile:   (214) 658-6509

                        **ATTORNEYS FOR THE APPELLANT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ii

TABLE OF AUTHORITIES ........................................................................................................iii

STATEMENT REGARDING ORAL ARGUMENT ..................................................................... 1

SUMMARY OF THE ARGUMENT ............................................................................................. 2

ARGUMENT AND AUTHORITIES ............................................................................................. 3

CONCLUSION ............................................................................................................................. 10

PRAYER ....................................................................................................................................... 11

CERTIFICATE OF SERVICE ..................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Berman v. Parker*, 348 U.S. 26, 75 S.Ct. 98 (1954) ....................................................................... 4

*Calder v. Bull*, 3 Dall. 386, 1 L.Ed. 648 (1789) ............................................................................. 4

*Comm. Nat'l Bank and Trust Co. of New York v. Persky (In re Persky)*, 134 B.R. 81 (Bankr. E.D. N.Y. 1991) ....................................................................................................................... 3, 4

*Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825 (1991) ........................................................... 3

*Immigration and Naturalization Service v. Enrico St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271 (2001). ........................................................................................................................................ 10

*In re Cole,* 205 B.R. 382 (Bankr. E.D. Tex.1997) .......................................................................... 6

*In re Harrington,* 306 B.R. 172 (Bankr. E.D. Tex.2003) ............................................................... 6

*In re McDole (Keybank Nat'l Assoc. v. McDole)*, 2008 U.S. Dist. LEXIS 80531 (D. Wash. 2008) ........................................................................................................................................... 7

*In re Palmer*, 2008 WL 466189 (Bankr. E.D. Tex. 2008) .............................................................. 6

*Kelo v. City of New London*, 545 U.S. 469, 125 S.Ct. 2655 (2005) ............................................... 5

*Lingle v. Chevron*, 544 U.S. 528, 125 S.Ct. 2074 (2005) ............................................................... 4

*Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854 (1935) .................. 3, 10

*Martin v. Hadix,* 527 U.S. 343, 119 S.Ct. 1998 (1999) .................................................................. 9

*McAndrews v. Fleet Bank*, 989 F.2d 13 (1st Cir. 1993) .................................................................. 9

*Montgomery v. Carter County*, 226 F.3d 758 (6th Cir. 2000) ....................................................... 5

*Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833 (1991) ................................................................ 5, 6

*Pequeno v. Smith,* 307 B.R. 568 (S.D. Tex. 2004), *aff'd,* 126 Fed. App'x 158 (2005) .................. 6

*Reid v. Richardson*, 304 F.2d 351 (4th Cir. 1962) ......................................................................... 3

*Shirkey v. Leake*, 715 F.2d 859 (4th Cir. 1983) ............................................................................6

*U.S. v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943 (9th Cir. 2008).......4

*United States v. Rodgers*, 461 U.S. 677, 103 S.Ct. 2132 (1983) ...................................................3

**Statutes**

11 U.S.C. § 522..................................................................................................................................6

11 U.S.C. § 541..................................................................................................................................5

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant believes that oral argument is necessary in this case for a number of reasons. First, the issue is complex. Second, the facts and legal arguments involved in this appeal are unique. Third, oral discussion of the facts and the applicable precedent will assist the Court in its decisional process. Therefore, Appellant respectfully requests oral argument on this matter.

**SUMMARY OF THE ARGUMENT**

Congress' power to make uniform bankruptcy laws is subject to the Fifth Amendment's prohibition against taking private property without compensation. Section 522(p) of the Bankruptcy Code, when applied, operates to deprive the involuntary Debtor of 80% of the value of his home, and the home itself should a forced sale occur, with no compensation for his losses or that of his family. This obliteration of fundamental of property interest is an unconstitutional taking under the Fifth Amendment. Furthermore, as the character of the government action in this case is not one of public benefit, but rather one of private benefit - the redistribution of wealth among private parties, taking the Debtor's homestead and forcing the distribution of its proceeds to Debtor's only substantial creditor, Dome Entertainment Center, Inc. - this taking would be unconstitutional even if just compensation were paid.

Not only is the application of Section 522(p) of the Bankruptcy Code in this case an unconstitutional taking pursuant to the Fifth Amendment, it also retroactively impacts interests acquired by the Debtor prior to the enactment of BAPCPA. Retroactive legislation is generally disfavored in the law. Particularly concerning to courts are new provisions affecting contractual or property rights, matters in which predictability and stability are of prime importance.

Thus, for the reasons stated above, section 522(p) should be found unconstitutional under the Fifth Amendment Takings Clause.

**ARGUMENT AND AUTHORITIES**

**Preemption**

Dome alleges that the Debtor seeks to elevate Texas homestead law above the Bankruptcy Code and in so doing, ignores the law of federal preemption. *Appellee Brief* at 14. The Debtor maintains that property interests and estates are to be dealt with in the bankruptcy courts in such a manner as to give full respect to the property rules followed in the state where the property is located. *Reid v. Richardson*, 304 F.2d 351 (4th Cir. 1962). *See also Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825 (1991). Furthermore, the United States Supreme Court held in *Rodgers* that, "[t]he Texas homestead right is not a mere statutory entitlement, but a vested property right" treated in Texas as property for which just compensation or its equivalent must be paid in case of condemnation by the state. *United States v. Rodgers*, 461 U.S. 677, 686, 103 S.Ct. 2132 (1983).

This appeal does not question Congress' ability to preempt Texas law. However, regardless of the Bankruptcy Code's effect on Texas law, Congress' power to make uniform bankruptcy laws is subject to the Fifth Amendment's prohibition against taking private property without compensation. *See Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 589, 55 S.Ct. 854, 79 L.Ed. 1593 (1935); *Comm. Nat'l Bank and Trust Co. of New York, v. Persky (In re Persky)*, 134 B.R. 81, 98 (Bankr. E.D. N.Y. 1991) ("there is almost universal agreement that the power given to Congress by the Bankruptcy clause may not overstep the limitations imposed by the Due Process and Takings Clauses of the Fifth Amendment."). Thus, the Debtor is not arguing that federal law may not preempt state law, but rather that federal law may not violate the Fifth Amendment.

**The Public Use Clause of the Fifth Amendment**

Dome argues that Section 522(p) of the Bankruptcy Code does not implicate the Fifth Amendment's Takings Clause because "522(p)'s limitation on a debtor's interest in residential real property imposes no public burden on the debtor, nor any public use for which the debtor's property is 'taken'." *Appellee Brief* at 9.

The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." *Lingle v. Chevron*, 544 U.S. 528, 536, 125 S.Ct. 2074 (2005). "Although the Fifth Amendment speaks only of a taking of private property for a public use, it is settled law that private property could not be taken for other than public use even if just compensation were to be paid." *Comm. Nat'l Bank and Trust Co. of New York, v. Persky (In re Persky)*, 134 B.R. 81, 99 (Bankr. E.D. N.Y. 1991). Clearly, "one person's property may not be taken for the benefit of another person without justifying public purpose, even though compensation be paid." *Id.*, (quoting *Berman v. Parker*, 348 U.S. 26, 75 S.Ct. 98 (1954)); *see also*, *U.S. v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943 (9th Cir. 2008) ("[i]t remains true, of course, that 'the sovereign may not take the property of *A* for the sole purpose of transferring it to another private party *B*, even though *A* is paid just compensation.'") (quoting *Kelo v. City of New London*, 545 U.S. 469, 477, 125 S.Ct. 2655, 162 L.Ed.2d 439 (2005)).[1]

---

[1] *See also, Calder v. Bull*, 3 Dall. 386, 388, 1 L.Ed. 648 (1789) ("An ACT of the Legislature (for I cannot call it a law) contrary to the great first principles of the social compact, cannot be considered a rightful exercise of legislative authority…A few instances will suffice to explain what I mean…[A] law that takes property from A. and gives it to B: It is against all reason and justice, for a people to entrust a Legislature with SUCH powers; and, therefore, it cannot be presumed that they have done it.  The genius, the nature, and the spirit, of our State Governments, amount to a prohibition of such acts of legislation; and the general principles of law and reason forbid them" (emphasis deleted)).

Dome appears to argue that a taking of private property for other than public use would not violate the Fifth Amendment. However, the public use clause circumscribes the scope of the eminent domain power: "Government may compel an individual to forfeit her property for the public's use, but not for the benefit of another private person. This requirement promotes fairness as well as security." *Kelo v. City of New London*, 545 U.S. 469, 497, 125 S.Ct. 2655, 162 L.Ed.2d 439 (2005). Private use takings are "unconstitutional regardless of whether just compensation is paid." *Montgomery v. Carter County*, 226 F.3d 758, 766 (6th Cir. 2000).

Accordingly, as the character of the government action here is not one of public benefit, but rather one of private benefit - the redistribution of wealth among private parties, namely taking the Debtor's homestead and forcing the distribution of its proceeds to Debtor's only substantial creditor, Dome Entertainment Center, Inc., the creditor that placed the Debtor into an involuntary bankruptcy for the sole purpose of eliminating Debtor's Texas homestead - this taking would be unconstitutional even if just compensation were paid.

**The Scheme of Taking Pursuant to Sections 541 and 522 of the Bankruptcy Code**

Dome also argues that Section 522(p) does not effect an unconstitutional taking of a debtor's property because "debtor's interests in property are extinguished by Bankruptcy Code section 541(a)" and section 522(p) "merely altered the definition of the exempt property awarded to a debtor under the Bankruptcy Code." *Appellee Brief* at 9.

Section 541 of the Bankruptcy Code defines the bankruptcy estate.[2] Section 522

---

[2] Section 541 of the Bankruptcy Code defines the bankruptcy estate in relevant part:
(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—
(A) under the sole, equal, or joint management and control of the debtor; or

determines what property a debtor may exempt. *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833 (1991). An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor. *Id.*

Exemptions claimed by the debtor are presumed valid until proven otherwise. *In re Cole,* 205 B.R. 382, 384-85 (Bankr. E.D. Tex. 1997); *see also*, *Pequeno v. Smith,* 307 B.R. 568, 584 (S.D. Tex. 2004), *aff'd,* 126 Fed. App'x 158 (2005); *In re Harrington,* 306 B.R. 172, 181 (Bankr. E.D. Tex. 2003) (merely claiming the exemption establishes a prima facie claim that the interest is exempt). Federal Rule of Bankruptcy Procedure 4003(b) provides that a party in interest may object to a debtor's exemption claims within 30 days after the conclusion of the meeting of creditors held under Rule 2003(a). *In re Palmer*, 2008 WL 466189 (Bankr. E.D. Tex. 2008). However, in response to such an objection, a debtor is not required to make an affirmative showing that a claimed exemption is appropriate. *Id.* A claim of exemptions is presumptively valid, *see* 11 U.S.C. § 522(l), and the debtor need only characterize the claimed exemption as falling within an exempt category. *Id.* To overcome the presumption of exemption, the objecting party must provide evidence in rebuttal. *See In re Cole,* 205 B.R. at 384; *Pequeno,* 307 B.R. at 584. Such evidence must rebut the prima facie effect of the claimed exemption. *In re Palmer*, 2008 WL 466189 (Bankr. E.D. Tex. 2008).

Thus, only upon a showing that section 522(p) applied, was Debtor's exemption limited. As Dome cited in its brief, exempt property regains its exempt status "upon the debtor's act of invoking exemptions pursuant to 11 U.S.C. § 522." *Shirkey v. Leake*, 715 F.2d 859, 864 (4th Cir. 1983); *Appellee Brief* at 10. Accordingly, at such time as Debtor invoked his exemptions, the property regained its exempt status. That exemption was not limited until

---

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable. 11 U.S.C. § 541.

Dome objected, and the Order granting such objection applied section 522(p) to limit Debtor's exemptions. It is this taking, and not the initial effect of section 541, to which Debtor objects.

However, to avoid placing form over substance, Debtor notes that the operation of section 541, in conjunction with section 522, is part of the larger "scheme of taking" which results in the unconstitutional taking perpetrated by the application of section 522(p).[3]

At different points throughout Dome's brief, it contradicts its argument that section 522(p) does not subtract from the value of a debtor's exemption. *Appellee Brief* at 12. In addition to its citation to *Shirkey v. Leake*, described *supra*, Dome argues, "section 522(p) entails the rendering of the debtor's property available to satisfy the debtor's debts." *Appellee Brief* at 13. Also, "a reduction in value of an exemption, which yet preserves some value in the exemption (specifically, the current amount of $136,875.00), likewise does not constitute a taking." *Appellee Brief* at 14. Both of these statements are based upon the underlying premise that an exemption exists, and that 522(p) acts to limit such exemption. By limiting Debtor's exemption, section 522(p) renders *the debtor's property* available to satisfy creditors. An exemption must exist before its value may be *reduced*. It is clear that section 522(p) of the Bankruptcy Code when applied, limits this Debtor's otherwise unlimited homestead exemption.

Practically, section 522(p), when applied, operates to deprive the Debtor of 80% of the value of his home, and the home itself should a forced sale occur, with no compensation for his losses or that of his family. This obliteration of one of the most fundamental of property interests is an unconstitutional taking under the Fifth Amendment.

**Retroactive Taking Through the Operation of 522(p)**

---

[3] Dome's technical argument attempts to place form over substance. The unconstitutional taking herein results from a culmination of the involuntary bankruptcy, the operation of section 541 and the application of section 522(p) to deprive the Debtor of 80% of the value of his homestead. Though section 522(p) is not applied in a vacuum, it is the provision which, as applied, limits Debtor's homestead exemption.

7

Dome cites *In re McDole (Keybank Nat'l Assoc. v. McDole)*, 2008 U.S. Dist. LEXIS 80531 (D. Wash. 2008) for the proposition that the retroactive application of modifications to existing exemption laws have generally been upheld where the effect on the property right is merely a reduction rather than a destruction of the value of the existing right.  Initially, this argument presumes that there is an existing property right that is effected, or reduced by the modification to existing exemption law, again contradicting Dome's arguments that section 522(p) does not subtract from the value of a debtor's exemption.  *See supra*.  More importantly, the Court in *McDole* explicitly found that the retroactive application of the amendment did not constitute a taking because the creditor had notice of the impending change to the state homestead exemption at the time the creditor recorded its judgment. The Debtor in this case had no such notice that his homestead rights, long protected by the Texas Constitution and Texas homestead law, could be cut off by section 522(p) as a result of Dome's filing of the involuntary bankruptcy.

Dome also argues that section 522(p) has no retroactive effect because the operation of section 541 to transfer the Property to his bankruptcy estate was the same on the Petition Date as it was on the date he purchased the Property.  *Appellee Brief* at 15.  As discussed *supra*, it is not merely the operation of 541 that constitutes the taking in this case, it is the entire scheme of taking that begins with section 541 and culminates in the limitation of the Debtor's exemption by operation of 522(p).  Section 522(p) became effective upon the enactment of BAPCPA on April 20, 2005, almost eight months after the Debtor and his wife purchased their home. Therefore, the application of 522(p) to limit Debtor's homestead exemption is a retroactive taking.

Dome changes gears again to argue that the application of section 522(p) in this case is not retroactive with respect to the purchase of Debtor's Property, notwithstanding the fact that the Debtor's purchase of the Property pre-dates BAPCPA. *Appellee Brief* at 18. This time, Dome argues that 522(p) is not retroactive because the statute's triggering event is not the date that Debtor purchased the Property, but rather the filing of the bankruptcy petition. *Appellee Brief* at 18-19. This argument defies logic. Had the Debtor purchased the property outside the 1,215 day window dictated by section 522(p) (or had Dome waited a few more days to file its involuntary petition), section 522(p) would not apply. It is a given that in order for any provision of the Bankruptcy Code to apply, the bankruptcy petition must be filed. However, the specific triggering event which implicates the specific section 522(p) is the date of purchase of the Property. Therefore, the conduct that triggers the application of the statute must be the date the Property was purchased and not the Petition Date.

In support of its argument, Dome cites *McAndrews v. Fleet Bank*, 989 F.2d 13 (1st Cir. 1993). *Appellee Brief* at 18. The *McAndrews* Court found that a statute's application is usually deemed prospective when it implicates conduct occurring on or after the effective date. As noted above, the specific conduct that is implicated is the date that the Debtor's interest in the Property was acquired, which occurred before the effective date of BAPCPA. The *McAndrews* Court also noted that, "it is a well settled rule that courts should not apply statutes retroactively when doing so would significantly impair existing substantive rights and thus, disappoint legitimate expectations." *McAndrews* at 15.

"The inquiry into whether a statute operates retroactively demands a commonsense, functional judgment about 'whether the new provision attaches new legal consequences to events completed before its enactment.' " *Martin v. Hadix,* 527 U.S. 343, 357-358, 119 S.Ct.

9

1998, 144 L.Ed.2d 347 (1999), (quoting *Landgraf,* 511 U.S., at 270, 114 S.Ct. 1483).  A statute has retroactive effect when it " 'takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past....' "*Id.,* at 269, 114 S.Ct. 1522 (quoting *Society for Propagation of the Gospel v. Wheeler,* 22 F. Cas. 756, 767, No. 13,156 (C.C.D.N.H. 1814) (Story, J.)). *Immigration and Naturalization Service v. Enrico St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271 (2001).

The Supreme Court has previously held a bankruptcy statute void because it effected a taking of substantive rights in specific property acquired prior to its enactment. *See Louisville Joint Stock Land Bank v. Radford,* 295 U.S. 555, 601-602, 55 S.Ct. 854, 868-869, 79 L.Ed. 1593 (1935).  Debtor acquired his rights under the law well before section 522(p) was enacted. As section 522(p) operates to take away Debtor's substantive homestead rights in specific property acquired prior to the section's enactment, 522(p) should likewise be held void.

## CONCLUSION

Section 522(p), by operation of the Order limiting Debtor's homestead exemption, effects an unconstitutional taking without compensation under the Fifth Amendment.  This taking would be unconstitutional even if compensation were paid, as it is a redistribution of wealth among private parties.  Furthermore, section 522(p) applies retroactively, in this case effecting an unconstitutional taking of vested property rights which existed prior to the enactment of section 522(p).  Thus, for the reasons stated above, section 522(p) should be found unconstitutional under the Fifth Amendment Takings Clause.

## PRAYER

The Debtor prays that the Court reverse the Bankruptcy Court's Order sustaining Dome's Objection to Debtor's Claim of Exemptions, limiting Debtor's claim of exemptions to an interest not to exceed $136,875 and overruling Debtor's challenge to the constitutionality or applicability of 11 U.S.C. § 522(p) to this case with respect to the Property, and grant such other relief as is just.

Respectfully submitted,

By: /s/ Gerrit M. Pronske
    Gerrit M. Pronske
    State Bar No. 16351640
    Rakhee V. Patel
    State Bar No. 00797213
    Pronske & Patel, P.C.
    1700 Pacific Avenue, Suite 2260
    Dallas, Texas 75201
    Telephone: 214.658.6500
    Facsimile: 214.658.6509
    Email: grponske@pronskepatel.com
    Email: rpatel@pronskepatel.com

**COUNSEL FOR APPELLANT**

**CERTIFICATE OF SERVICE**

     I, the undersigned, hereby certify that, on April 13, 2009 I caused to be served the foregoing pleading upon the parties listed below via the Court's electronic transmission facilities and/or United States mail, first class delivery.

Howard M. Spector
Nathan M. Johnson
Howard Marc Spector, P.C.
12770 Coit Road
Banner Place, Suite 1100
Dallas, Texas 75251

Monica S. Blacker
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201

    /s/ Gerrit M. Pronske
    Gerrit M. Pronske